UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES III,

    Plaintiff,

v.

CELLCO PARTNERSHIP D/B/A
VERIZON WIRELESS,

    Defendant.
_____/

Hon. Robert J. Jonker

Case No. 1:24-cv-820

**REPORT AND RECOMMENDATION**

This matter is before me on Plaintiff's application to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff is a frequent filer in this Court and, pursuant to the November 30, 2023 Order entered in Case No. 1:23-cv-187, has been designated a restricted filer. The restriction provides, "Any Judicial Officer reviewing an application from Plaintiff to proceed *in forma pauperis* under 38 U.S.C. § 1915(a)(1) may grant such an application only after first determining that the complaint survives screening under the standards of 28 U.S.C. § 1915(e)(2)." Case No. 1:23-cv-187, ECF No. 32 at PageID.132.

Invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a), Plaintiff filed his instant complaint on August 8, 2024, against Cellco Partnership d/b/a Verizon Wireless (Verizon). He alleges that he was a class member in a nationwide class action alleging that Verizon customers were hit with an administrative charge on their bills as part of a "deceptive scheme." (ECF No. 1 at PageID.2.) Although Verizon denied any wrongdoing, it agreed to settle the class action for $100 million, pursuant to which Verizon customers who paid the administrative charge between January 1, 2016, and November 8, 2023, could be entitled to recover up to $100 each. (*Id.*) To be

eligible to participate in the settlement, class members had to submit a claim by April 15, 2024. Plaintiff alleges that he received a notice providing this information from the class administrator on January 10, 2024. However, he did not discover the notice until August 7, 2024, because it went to his email's spam folder. (*Id.*) Plaintiff alleges that he was charged the administrative charge between January 1, 2016, and the present, which violated the Michigan Consumer Protection Act (MCPA) and amounted to a breach of contract. (*Id.* at PageID.2–3.)

A court conducts an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. I recommend that the Court deny Plaintiff's application to proceed *in forma pauperis* and require him to pay the full filing fee because his complaint fails to state a claim.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a

2

> notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

Even giving the complaint the liberal construction it is due, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), it fails to satisfy the *Twombly/Iqbal* standard because it contains nothing more than legal conclusions. Plaintiff alleges that Verizon charged him a monthly administrative charge and that doing so constituted "unfair, unconscionable, and deceptive practices" under the MCPA and constituted a breach of the parties' contract, but he fails to allege facts supporting these contentions. Plaintiff fails to satisfy the pleading standard because he does not allege what about the administrative charge rendered it "unfair, unconscionable, and deceptive." Likewise, he fails to allege how the charge violated any provision of the parties' contract. Thus, the complaint does not survive screening.

The complaint is defective for a more fundamental reason; it fails to properly allege subject matter jurisdiction. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff claims that diversity jurisdiction exists, but he fails to allege complete diversity. Plaintiff may not simply allege that Cellco "is a Delaware partnership with its principal place of business in Basking Ridge, New Jersey." (ECF No. 1 at PageID.1.) This is the rule for corporations. *See* 28 U.S.C. § 1332(c)(1). Because Cellco is a partnership, Plaintiff must allege the citizenship of each of its partners. *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 569 (2004) (citing *Carden v.*

*Arkoma Assocs.*, 494 U.S. 185, 192–95 (1990). Plaintiff fails to meet his burden because he did not allege the citizenship of each of Cellco's partners.

Plaintiff's allegation concerning the amount in controversy is also problematic. He says that he seeks $85,000 in damages and that the amount in controversy exceeds $75,000, exclusive of interest and costs. (ECF No. 1 at PageID.1.) The applicable rule in a diversity case is that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

Here, some simple mathematical calculations demonstrate that Plaintiff's amount-in-controversy allegation was not made in good faith. Plaintiff claims that Verizon included the administrative charge on his monthly bills from 2016 to the present. Assuming for the sake of argument an eight-year period, Plaintiff would have to have paid $9,375 per year, or $781.25 per month, in administrative charges to meet the jurisdictional threshold. Such an allegation—that Plaintiff's monthly cell phone bill was at least $781.25 per month—would seem implausible. Simple common sense suggests that an individual who has been granted leave to proceed *in forma pauperis* 32 times over the past several years would lack the means to afford a monthly phone bill anywhere close to this amount. The focus, moreover, is on good faith. Plaintiff's own sworn representations to this Court over the last several years speak to this issue. For example, in Case No. 19-cv-185,  ECF No. 2 at PageID.7, Plaintiff said that his monthly expense for *electricity, heating fuel, water, sewer, and telephone* was $60.00. The next year, in Case No. 1:20-cv-1119, ECF No. 3 at PageID.13, Plaintiff said that he paid $300.00 per month for all of these items. In 2021, in Case No. 1:21-cv740, ECF No. 3 at PageID.23, he said he paid $225.00 per month. In 2022, in Case No. 1:22-cv-1072, ECF No. 4 at PageID.22, he said he paid $325.00 per month. In

4

2023, in Case No. 1:23-cv-834, ECF No. 3 at PaeID.29, Plaintiff said that he paid $525.00 per month. Finally, in the present case, Plaintiff said that he pays $520.00 per month. (ECF No. 2 at PageID.8.) Clearly, Plaintiff has not paid more than $75,000.00 in administrative charges over the eight-year period. Given Plaintiff's prior representations, it appears that his allegation that the jurisdictional amount is satisfied in this case was simply a rote assertion without any thought as to how he might meet the threshold. This is not good faith.

Plaintiff might argue that in addition to compensatory damages, he seeks exemplary damages as permitted by Michigan law. However, "Michigan law proscribes exemplary damages for contract claims 'absent allegation and proof of tortious conduct independent of the breach.'" *Nowicki-Hockey v. Bank of Am., N.A.*, 593 F. App'x 420, 421 (6th Cir. 2014) (citing *Kewin v. Massachusetts Mut. Life Ins. Co.*, 409 Mich. 401, 420–21 (1980)); *see also Hendricks v. DSW Shoe Warehouse, Inc.*, 444 F. Supp. 2d 775, 780 (W.D. Mich. 2006) (noting that "mental distress and anguish are generally not proper elements of damages in breach of contract actions absent purposeful tortious conduct independent of the breach" (internal quotation marks omitted) (citing *Bolden v. John Hancock Mut. Ins. Co.*, 422 F. Supp. 28, 29 (E.D. Mich. 1976), and *Willis v. New World Van Lines, Inc.*, 123 F. Supp. 2d 380, 389 (E.D. Mich. 2000))). The complaint alleges no tortious conduct independent of a breach of contract. As for the MCPA claim, a plaintiff is limited to recovery of "actual damages or $250.00, whichever is greater." Mich. Comp. Laws § 445.911(2). Exemplary damages are unavailable under the MCPA. *Nowicki-Hockey*, 593 F. App'x at 421. Therefore, as to both of his claims, Plaintiff is limited to recovering only the amounts was charged for the administrative expense, which common sense dictates is less than $75,000.00.

For the reasons set forth above, I recommend that the Court dismiss the complaint for lack of subject matter jurisdiction. Alternatively, if the Court concludes that jurisdiction exists, I

recommend that the Court deny Plaintiff's application to proceed *in forma pauperis* and direct him to pay the filing fee in the amount of $405 within 28 days.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: August 16, 2024    /s/ Sally J. Berens
                         SALLY J. BERENS
                         U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).