UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ANGEL SIFUENTES, III,

    Plaintiff,

                                              CASE No. 1:24-CV-820

v.

                                              HON. ROBERT J. JONKER

CELLCO PARTNERSHIP,

    Defendant.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Berens' Report and Recommendation (ECF No. 10) and Plaintiff's Objection to the Report and Recommendation (ECF No. 11). Also before the Court are an Amended Complaint and Declaration filed by Plaintiff. (ECF No. 12). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the

Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

The Magistrate Judge recommends dismissing Plaintiff's Complaint for lack of subject matter jurisdiction and, in the alternative, for failure to state a claim on which relief can be granted. The Magistrate Judge properly analyzed Plaintiff's claims. Nothing in Plaintiff's Objections changes the fundamental analysis. To the contrary, Plaintiff raises meritless objections regarding the screening process for pro se submissions that this Court has repeatedly rejected in other cases. *See, e.g.*, *Sifuentes v. Avvo, Inc.*, No. 1:23-cv-1059, ord. at 2-3 (W.D. Mich. July 17, 2024). Beyond that, Plaintiff essentially contends the Court should consider the Amended Complaint to have cured the issues identified by the Magistrate Judge. The problem for Plaintiff is that the Amended Complaint suffers from the same deficiencies identified by the Magistrate Judge. Indeed, it underscores why dismissal without leave to amend is appropriate here. In particular, the jurisdictional allegations as to the partnership defendant are still deficient, and Plaintiff's conclusory allegations relating to the amount in controversy fail to demonstrate they were made in good faith. Rather, as the magistrate judge observed, they appear to be made as rote assertions. Finally, to the extent Plaintiff is complaining about how notice in a class action proceeding was handled by a different court, his issues are properly addressed in that action, not this Court.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 10) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's application for leave to proceed *in forma pauperis* is **DENIED** under this Court's November 30, 2023, Order entered in Case No. 1:23-cv-187.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Vacate (ECF No. 11) is **DENIED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED** under 28 U.S.C. § 1915(e)(2)

A separate Judgment shall issue.

Dated:   August 23, 2024         /s/ Robert J. Jonker
                                 ROBERT J. JONKER
                                 UNITED STATES DISTRICT JUDGE